DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
315 Montgomery St., 8th Fl.
San Francisco, CA 94104
(415) 829-4330
david@hrw-law.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. BARKER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>BIG O TIRES, LLC, TBC CORPORATION, AND DOES 1-10,<br><br>Defendants. | Case No.: 3:18-cv-6877<br><br>**COMPLAINT [CLASS ACTION]** |

Plaintiff, Robert K. Barker, on behalf of himself and all others similarly situated ("Plaintiff(s)"), by and through the undersigned counsel, brings this Complaint against Defendants Big O Tires, LLC ("Big O Tires") and TBC Corporation ("TBC") and Does 1-10 (together, "Defendants") for damages, restitution, declaratory and injunctive relief, and in support thereof states as follows:

## JURISDITION AND VENUE

COMPLAINT [CLASS ACTION] - 1

1.    This Court has federal diversity jurisdiction pursuant to 28 U.S.C. sec. 1332 because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. Plaintiff is a citizen of California. Defendant Big O Tires is an LLC registered under the laws of Florida. Defendant TBC is a corporation registered under the laws of Florida.

2.    Defendants are subject to personal jurisdiction throughout California pursuant to 28 U.S.C. secs. 1391(b)(2) and (3) because they enter into contracts with consumers such as Plaintiff who reside there.

3.    Venue is proper in this District under 28 U.S.C. secs. 1391(b) and (c) because Defendants seek to do and do business in this county/District, Defendants have transacted business with Plaintiff in this county/District, and Defendants are subject to personal jurisdiction in this county/District. *See* Declaration stating these facts, attached to this Complaint as Exhibit 1.

## FACTUAL ALLEGATIONS

4.    Big O Tires describes itself as "one of North America's largest retail tire franchisors, with nearly 400 franchise and company-owned locations in 19 states." Big O Tires "provid[es] customers with a broad range of automotive services in addition to quality tires, wheels and accessories."

5.    Big O Tires states that in 1996, Big O Tires "became part of the TBC Corporation, one of North America's largest marketers of automotive replacement tires with more than 3,2000 franchised and company-operated tire and automotive service centers."

6.    Big O Tires states that it has 101 stores in California. One of these stores is located at 7427 Redwood Boulevard in Novato.

COMPLAINT [CLASS ACTION] - 2

7.      The website for that Novato store identifies store address, phone number, email and

hours, as well as a rating in terms of a 5-point star system and a certain number of

reviews. There is a map pinpointing its location in Novato. "TIRE SERVICES" and

"OTHER SERVICES" are emphasized by size of font and bold facing.

8.      The following are the services identified:

A.      "Tire Services:"

"Free Alignment Check With Printout"

"Free rotation with new tire purchase"

"Free Flat Repair With Tire Purchases"

"Free Air Pressure Checks Every Day (no appointments needed)"

"Everyday Low Price Tire Guarantee"

"Express Lane Tire Service (no appointments needed)"

"Big O Tires Credit Card with 6-0month, No-interest Financing"

B.      "Other Services"

"Free Brake Inspection (no appointment needed)"

"Free 22-Point Vehicle Inspection (no appointment needed)"

"Free Battery & Electrical Check"

"Free 5-Minute Wiper Blade/Bulb Inspection"

"Free Local Shuttle Service"

"Complete Owner's Manual Scheduled Maintenance Services"

9.      At the bottom of "Other Services," there is a red asterisk followed by "Service offered

may vary by location," in italics.

COMPLAINT [CLASS ACTION] - 3

10. Immediately below "TIRE SERVCIES" and "OTHER SERVICES" and in the same font is "WHY CHOOSE BIG O TIRES AUTO SERVICE?" The text in smaller print is this: "When it comes to having a car or truck serviced, most drivers have more questions than answers. Questions like 'What is rotor resurfacing…and how much will it cost? And 'What on earth is that clunking sound?!'  For many years, Big O Tires customers have trusted us to offer straight answers and top-notch services. Big O Tires offers a wide range of diagnostic, repair and routine maintenance services, backed by one of the best national services warranties in the business. Not sure when your vehicle's due for routine maintenance services? Drop by, and we'll look it up for you!"

11. Further below, in smaller print, is the following: "Note: Any recommendations provided on www.bigotires.com are general in nature. Big O Tires recommends that you always consult your vehicle's Owner's Manual, the vehicle manufacturer or an associate at your local Big O Tires store for vehicle specific recommendations. The names and descriptions of services are general in nature. Actual service offerings vary by location, and not all stores offer all services! The availability of our oil changes service and the use of Valvoline oil products varies depending on the Big O Tires location near you. Please contact a Big O Tires store near you to find out what services and oil products are offered."

12. As of September 8, 2018, there were 61 reviews of this location, 4.9/5 and 5 gold stars identified. The latest review was dated September 3, 2018 and the Business Owner, Ali Mirghanbari, replied on September 5, 2018. The earliest review was dated October 29, 2015.

13. To the right of the map, at the top of the screen, is a portion of the screen highlighted in red with white writing stating "SIGN UP & SAVE" area where by entering an email address or connecting through an icon to either Facebook or Twitter, a customer can "stay connected."

14. To the right of "Tire Services" and "Other Services" and below the "SIGN UP & SAVE" is another area highlighted in red: "CHECK OUT OUR CURRENT DEALS." By clicking "view deals," the customer moves to a different webpage where the local information, map and "SIGN UP & SAVE" remain at the top of the page and the REVIEWS remain at the bottom of the page, but the "Tire Services" and "Other Services" section is replaced by "OFFERS FOR 7427 REDWOOD BOVD, NOVATO, CA" – and, once the customer scrolls through those, "NATIONWIDE OFFERS."

15. Most of the offers are for products that are not tires and for services that are not tire replacement.

16. At the very bottom of the page, there are links to:

    A.    "Tires" – "All About Tires," "Tire Brands," and "Register Your Tires;"

    B.    "Wheels" – "Wheel Brands," and "Wheel Basics;

    C.    "Services" – "Tire Service & Repair," "Oil, Lube & Filters," "Routine Services & Fluids," "Batteries," "Brakes," Alignment," and "Suspension & Front End,"

    D.    along with others (i.e., "Warranties," "Savings," "Credit," "Fleet Services," "Auto Education," "Careers," "Contact Us," and "Transparency in Supply Chains").

17. Upon clicking "Tire Service & Repair," under "Services," the customer finds a page entitled "SERVICES OFFERED BY BIG O TIRES" – the first of which is "TIRE REPAIR." The text is: "Don't get frustrated by tire problems. Let the pros at Big O Tires

COMPLAINT [CLASS ACTION] - 5

repair, mount and balance them for you in just minutes. Service includes removal of tire from rim, inspection, liner repair, puncture fill, remounting and balancing."

18.   Clicking "+More Details" leads to a new page, where there is "Service Description" and "Included in your service."

    A.   Under "Service Description:" "Who left that little screw in the driveway? Now you not only have to change your flat, you have to get the tire fixed. And you're going to be late! Argh! We'll repair the tire and balance it for you, then remount it in minutes so you don't lose any more of your day."

    B.   Under "Included in your service:" "Remove tire from rim," "Inspect inside and out," "Repair liner to make sure the seal is airtight," "Fill puncture," "Remount and balance tire," and "Check your spare to make sure you're ready for next time." There is a green rectangle containing "+ADD TO QUOTE."

    C.   Below this section is a section entitled "MORE ROUTING SERVICES," which includes two: "INSPECT YOUR TIRES IN 1 MINUTE" and "WHAT ARE THE DANGERS OF WORN TIRES?"

    D.   Below that section is a section entitled "TIRE SERVICE & REPAIR FAQ." The questions are in red bold, while the answers are in black:
"Why do I have to rotate my tires?" "Rotating tires keeps them from wearing unevenly. It extends tire life, which save money."

    1.   "How often should my tires be balanced?" "Every 4,000 to 6,000 miles or any time a tire is replaced or patched."

    2.   "What are the dangers of worn tires?" "Complete tire failure;" "More prone to hydroplaning;" "More easily punctured;" "More air leakage."

COMPLAINT [CLASS ACTION] - 6

3.  "What happens if my tire pressure isn't right?" "Low air pressure makes tires run hot, which affects handling and can cause your car or truck to use more gas."

4.  "Why are my tires wearing unevenly?" "Too much or too little air pressure;" "Problems with alignment or balancing;" "Problems with steering or suspension."

19.  If the consumer does not click "Tire Service & Repair," under "Services," but rather "Services" itself, the customer finds a page entitled "OUR SERVICES." These are "OIL, LUBE & FILTERS;" "TIRE SERVICE & REPAIR;" "BRAKES;" "ROUTINE SERVICES & FLUIDS;" "ALIGNMENT;" "SUSPENSION & FRONT END;" and "BATTERIES."

20.  Immediately below OUR SERVCIES" is a broad band of the page in black, with white font, labeled "MULTI-POINT VEHICLE INSPECTION." The text is: "We want to make sure your vehicle is in great condition, so we always provide this inspection at no extra cost." There are four parts to this multi-point vehicle inspection identified: "Clear Vision Components" (by which is meant "Mini Lights," "Headlights," and "Wiper Blades"); "Under the Hood" (by which is meant "Belts," "Hoses," "Battery," and "Air Filter"0; "Vehicle Fluids" (by which is meant "Coolant," Oil Level," "Brake Fluid," "Transmission Fluid," Power Steering Fluid," "Power Steering Fluid," and "Other Fluids as Applicable"); and "Under the Vehicle" (by which is meant "Tires," "Exhaust," "Shocks/Struts," "Alignment," "Suspension," "Fuel System," "Brake Pads/Shoes," "Brake System Hydraulic," and "CV Axles/Boots." Each of the items identified under the four parts to the inspection has a red dot indicating "At participating locations, see store for details."

COMPLAINT [CLASS ACTION] - 7

21.   If a customer clicks "LEARN MORE," at the bottom right, the customer comes to a page: "Welcome to Service Central," with an R in a circle. "Service Central" is identified as "a retired racing program of TBC Retail Group. The family of brands that used to be associated with Service Central are Tire Kingdom, NTB, Merchant's Tire and Auto Centers, and Big O Tires. Together there are more than 1,200 locations in 41 states, plus Washington DC, Alberta and British Columbia, Canada. Below this, in bold: "Brows the links below to: "Find a store near you," "Review and pay your store credit card," and "Get more info about our auto services and products." Big O Tires, Tire Kingdom, NTG and Merchant's Tire are all listed, with their respective links. The bottom of the webpage reads "Copyright c (in a circle) TBC Corporation."

22.   Big O Tires has three links: "BigOTires,com," "Credit Card," and "Store Locator." "BigOTires.com" takes the customer directly to the primary website for Big O Tires. "Credit Card" takes the customer to a page allowing the customer to apply for a Big O Tires card – "THE BEST WAY TO PAY FOR TIRES & SERVICES." "Store Locator" is the subpage for www.bigotires.com/Locations that allows a customer to locate a store in a given city, state and zip code. On that map, Big O Tires is the part of the TBC "TEAM" that operates exclusively in the western and midwestern states of the country (including California), while Tire Kingdom Service Centers occupies the southern states, Merchant's Tire & Auto Service Centers the southeast and NTB Tire & Service Centers the eastern states.

23.   The website "www.bigotires.com/article-detail/Service-Backed-By-1200-Service-Central-Locations" has an article entitled: "SERVICE THAT'S BACKED BY 1200 SERVICE CENTRAL LOCATIONS." The text is as follows: "When you choose Service

Central, you're never far from your favorite mechanics. You'll find the same high standards, expert technicians and helpful service across the country at all NTB, Tire Kingdom and Merchant's Tire service stores." There are four subsections to the page: "Consistent excellence," "Cars travel. With Service Central, so does your repair warranty," "An easy way to keep all your maintenance records together," and "Need a repair" Come in today for complete confidence."

A.    "Consistent excellence:" "You'll find ASE-certified (Automotive Service Excellence) mechanics at every Service Central location. In addition, you get written estimates, clear explanations, an on-time guarantee and rock-ribbed warranties. So you can feel confident about your repair every time,"

B.    "Cars travel. With Service Central, so does your repair warranty:" "Our policy is to repair it right the first time, every time. But it's still nice to know that if something should go wrong 100 miles from home (or 1,000) we'll make it right—right then and there."

C.    "An easy way to keep all your maintenance records together:" "Service Central maintains all your service records. You can tap I online anytime to see them. If you get an oil change or new brake pads at a Service Central shop far from home, your local shop can still see it. If you move to a new town, your file is still handy to your new Service Central mechanics. And your records are always available to you, 24/7, online."

D.    "Need a repair? Come in today for complete confidence:" "You'll be glad you did when you see how Service Central simplifies your life."

COMPLAINT [CLASS ACTION] - 9

24.    On August 23 around 3:30 p.m. Plaintiff pulled into Big O Tires' Novato location. He asked to get a flat tire on his car fixed. They were not busy at the time, so they took him in right away.

25.    Plaintiff waited for the repair work to take place. Shortly after Big O Tires had pulled the tire that needed repairing off of his vehicle, Plaintiff noticed the hood of his car was propped up and a technician was looking at his engine. Plaintiff didn't understand the connection between what he needed to fix his tire and his engine. Plaintiff asked the manager of the location – someone who identified himself as Johnny – why the technician was looking at his engine when the work he had asked for was fixing a flat tire. Johnny replied that they were checking the air filter on his car, and that they check the air filter on all cars that come in.

26.    Plaintiff thought this was odd. While Plaintiff was asking Johnny about the engine work, the hood of his car came back down. The technician didn't say anything about the engine or the air filter.

27.    Immediately before leaving Big O Tires, Plaintiff received an invoice identifying work performed and work quoted but not performed. The charges came to $35 for services: labor to repair the flat.

28.    The invoice also identified "Recommended Services:" "RECOMMEND TIRE REPLACEMENT." This was for all four tires, as can be seen from the "services and/or parts" that were identified on the invoice as "quoted but not performed:"

(1) "tire protection plan" -- 3 @ $16.20 for $48.60;

(2) "P195/65R15 SL 89/H Goodyear Assurance Fuel Ma" – 4 @ $107.98 for $432.92;

(3) "tire disposal fee" – 4 @ $6.25 for $25.00;

COMPLAINT [CLASS ACTION] - 10

(4) "TPMS rebuild kit" – 4 @ $9.98 for $39.92;

(5) "computer wheel balance" – 4 @ $0.00 for $0.00; and

(6) "basic tire install" – 4 @ $18.50 for $74.00

29. Below the "Invoice Summary" was an indication that Plaintiff paid $40 for the tire fix in cash, as the "amount" was $35.00 and $5.0 in change was provided. The Invoice total identified the $35 as a labor cost. There were no charges for parts, FET, Core Chg, Waste Disposal, Shop Supplies or Sales Tax.

30. The invoice contained a place for the customer to give approval for certain work: "I GRANT BIG O TIRES PERMISSION TO OPERATE THE VEHICLE HEREIN DESRIBED FOR THE PURPOSE OF TESTING, INSPECTIND, [SIC] INCLUDING REMOVAL OR WHEELS AND DRUMS FOR THE PURPOSE OF INSPECTING THE BRAKES, SERVICING THEREIN, IN CASE OF FIRE, THEFT OR OTHER DCAUSE BEYOUND [SIC] BIG O TIRES CONTROL, I AUTHORIZE THE REPAIR AND SERVICE WORK LISTED ON THIS INVOICE TO BE PERFORMED FOR THE AMOUNT SHOWN BELOW." There was no price indicated. Then: "I UNDERSTAND I WILL NOT RECEIVE MY OLD PART/TIRE UNLESS I REQUESTED FOR THE PART/TIRE AHEAD OF TIME." Plaintiff was not asked to sign and did not sign.

31. At the bottom of the invoice, there was a place specifically identified "Customer Signature:" Above that line was the following: "I have received the above goods and/or services. If this is a credit card purchase, I agree to pay and comply with the cardholders agreement with the issuer. There are no cancellations allowed." Plaintiff was not asked to sign and did not sign.

32. At no time did anyone at Big O Tires ask if Plaintiff wanted any additional work done on his car. At no time did Plaintiff ask for any additional work to be done on his car.

33. At no time did anyone at Big O Tires offer Plaintiff the "MULTI-POINT VEHICLE INSPECTION" to which he was entitled at no extra cost. At no time did anyone at Big O Tires say that it had in fact performed a "MULTI-POINT VEHICLE INSPECTION" or any inspection for free.

34. The invoice that Plaintiff received said nothing at all about any "MULTI-POINT VEHICLE INSPECTION," its cost or lack thereof, or any results thereof.

35. The work reflected on the invoice was both "Started" and "Invoiced" by Jonathan Molina.

36. Shortly after Plaintiff drove away from Big O Tires, the car started having problems. Having parked the car, when Plaintiff returned to it, it would not move. He called AAA and had them tow it to the dealer, Novato Toyota Scion, located on 115 Vintage Way in Novato. It was late in the day, so the dealer took the car in, gave Plaintiff a loaner, and kept the car for the night. About 10:00 am the next morning, August 24, the dealer called and said that they had found the source of the problem: a hose had become disconnected from the air filter. It was "just resting on top of TB hose. Looked like it was connected but it wasn't." The dealer charged $308 for their services.

37. Plaintiff thereupon called Big O Tires and spoke with Johnny. Plaintiff asked Johnny if Johnny remembered Plaintiff's asking him why the technician was looking at his engine and that Johnny had told Plaintiff that the technician was checking the air filter. Johnny said yes, he remembered.

38. Plaintiff then told Johnny about what had happened to his car and asked for Big O Tires to reimburse him the $308 the dealer had charged to identify and fix the problem.

39. Johnny said he would need to look into it and call Plaintiff back. Johnny called Plaintiff and said he had spoken with the technician and that the technician said the technician had not checked the air filter but a belt of some kind and so Big O Tires was not responsible for what had happened to Plaintiff's car. Plaintiff expressed that he was upset, and Johnny said he would see what he could do and would call back.

40. When Johnny called back he said he looked at Plaintiff's paperwork and there was nothing about replacing the air filter and that this meant they weren't responsible.

41. Plaintiff asked Johnny if Plaintiff could speak the owner, Ali Mirghanbari. Johnny said Plaintiff could not speak with him. Plaintiff insisted, and Johnny said he would call back. Johnny did call back and said that there was nothing he could do.

42. Earlier in the month, on August 10, 2018, Plaintiff had had his car inspected by Lake Express Lube, at 14835 Olympic Drive, Clearlake, California. Among the work Plaintiff had authorized was inspection of his air filter. The invoice from that work indicates that the air filter was, in fact, checked at that time and that it did not need to be replaced.

43. Based upon these experiences, and upon reviewing the promises made online to Big O Tires customers, Plaintiff is informed and believes, and on that basis alleges, that Big O Tires has engaged, is engaging and unless ordered to stop, will continue to engage in a scheme by which it prospects, without authorization, for work in the cars that its customers bring to it. Pursuant to this scheme, a Big O Tires technician will automatically, and without authorization, and regardless of the reason for which a car has been brought in, conduct a quick inspection for other work that can be justified and

presented to the customer for approval, whether inaccurately, as something related to the work for which the customer came in (e.g., that air filters are related to tire wear) or not -- so that it can be done in conjunction with or shortly after the work the customer actually wanted. This is improper "upselling." This free inspection is marketed as a customer service contractual offer for a free MULTI-POINT VEHICLE INSPECTION that applies any time a customer comes into any Big O Tires franchise nationally (although the specific parts of the inspection may vary franchise by franchise). Despite the contractual promise, however, Big O Tires does not in fact perform a MULTI-POINT VEHICLE INSPECTION: rather it does a "quick and dirty" look to see if there is good prospecting to be done with the customer's car. If it appears there is, further inspection will be done and work will be recommended – and the recommendations will be reflected on the customer's invoice. If it appears that there is no additional profitable work is likely from the customer's car, the hood is quickly closed, nothing will be said, there will be no estimate of either labor or parts reflected on the invoice, and no reflection there has been any inspection at all, much less its findings for good or for ill. As a result of this scheme, the MULTI-POINT VEHICLE INSPECTION is not actually free, even when it is honored: Big O Tires knows that the additional work identified will pay for the labor involved in whatever inspection was actually done.

44.    More, plaintiff is informed and believes, and on that basis alleges, that work which can be justified but is not in fact needed at the particular time of service, such as changing of fluids or filters, is pushed on customers who accept it because the car is "already in the shop" and they trust the recommendation of the technician and the Big O Tires brand. Big O Tires does not explain the relative importance of taking care of any of these identified

COMPLAINT [CLASS ACTION] - 14

issues "now" or "later" or that this additional work can be deferred – often for a long

period of time – or any alternatives, in fact, including replacing items at a later time or at

another, possibly cheaper location. Consequently, the work that is offered, whether in

terms of labor or parts or both, is at prices that are inflated.

45. More, Plaintiff is informed and believes, and on that basis alleges, that Big O Tires

introduces problems into customers' cars not infrequently, whether through failing to

reconnect a hose that their technician has disconnected or otherwise inspecting the cars.

46. More, Plaintiff is informed and believes, and on that basis alleges, that TBC Corporation

is aware of the scheme of Big O Tires – or, alternatively, instigated the scheme or

conspired to develop the scheme -- by way of the common servicing link, Service

Central.

47. Nonetheless, Plaintiff continues to have faith in the actual tire repair work performed by

Big O Tires. His repair has held. When he is next in need of a tire repair or replacement,

he would still consider taking his car to Big O Tires.

48. Plaintiff has engaged the undersigned attorneys concerning this dispute and has agreed to

pay them a reasonable fee.

49. More than 30 days prior to the commencement of this action, undersigned counsel wrote,

by certified mail, return receipt requested, to Big O Tires at 7427 Redwood Blvd.,

Novato, CA 94945, at 4280 Professional Center Dr., Suite 400, Palm Beach Gardens, FL

33410, and to TBC Corporation at 4300 TBC Way, Palm Beach Gardens, Florida, 33410,

demanding that Defendants correct, repair, replace or otherwise rectify the goods or

services in violation of unlawful practices detailed by section 1770. The letters are

attached hereto as Exhibit 2. No response has been received. In the more than 30 days

COMPLAINT [CLASS ACTION] - 15

that have passed, neither Big O Tires nor TBC Corporation has communicated any appropriate correction, repair, replacement, or other remedy of the matters set forth in this complaint and in these letters, or agreed to make such response within a reasonable time. The sole response has been the offer of a check for $308.00, the cashing of which would confirm "Customer satisfaction/paid in full." *See* Exhibit 3.

**CLASS ACTION ALLEGATIONS**

50. **Class definition**. All California consumers who brought their cars into Big O Tires in California, commencing up to four years prior to the filing of this complaint.

51. Subclass: All who did so who left with an invoice that was unsigned by them.

52. Subclass: All who did so who left with an invoice that did not identify any MULTI-POINT VEHICLE INSPECTION performed

53. Subclass: All who did so who subsequently complained to Big O Tires about a problem said to be caused by the Big O Tires service.

54. Subclass: All who did so who subsequently (within the next month) brought their car to another service center for work.

55. Numerosity. There are so many potential class members that individual joinder of class members is impractical.

56. Commonality. There are questions of law or fact common to class members.

57. Typicality. Claims of Plaintiff as class representative are typical of those of absent class members.

58. Adequacy of representation. Class counsel and Plaintiff intend to fairly and adequately protect the interests of absent class members.

**FIRST CLAIM FOR RELIEF**

COMPLAINT [CLASS ACTION] - 16

**(Cal. UCL – unlawful prong: trespass to chattel)**

59.    Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## SECOND CLAIM FOR RELIEF

**(Cal. UCL – unlawful prong: conversion)**

60.    Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## THIRD CLAIM FOR RELIEF

**(Cal. UCL – unlawful prong: breach of bailment contract)**

61.    Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## FOURTH CLAIM FOR RELIEF

**(Cal. UCL – unlawful prong: breach of duty of care from bailment)**

62.    Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## FIFTH CLAIM FOR RELIEF

**(Cal. UCL – unlawful prong: Business and Professions Code section 9884.8)**

63.    Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## SIXTH CLAIM FOR RELIEF

**(Cal. UCL – unlawful prong: Business and Professions Code section 9884.9)**

64.    Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**SEVENTH CLAIM FOR RELIEF**

**(Cal. UCL – unlawful prong: Title 13, art. 7, 3353)**

65.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**EIGHTH CLAIM FOR RELIEF**

**(Cal. UCL – unlawful prong: Civil Code 1621 (contract implied in fact)**

66.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**NINTH CLAIM FOR RELIEF**

**(Cal. UCL – unlawful prong: breach of express contract to perform "MULTI-POINT VEHICLE INSPECTION")**

67.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**TENTH CLAIM FOR RELIEF**

**(Cal. UCL – unlawful prong: Civil Code 1670.5 (contract for further repair unconscionable)**

68.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**ELEVENTH CLAIM FOR RELIEF**

**(Cal. UCL – unfair prong: Civil Code 1621 1670.5 (contract for further repair unconscionable)**

69.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWELFTH CLAIM FOR RELIEF

### (Cal. UCL – unfair prong: "free" is a sales pitch to upsell service)

70. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## THIRTEENTH CLAIM FOR RELIEF

### (Cal. UCL – unfair prong: unequal bargaining power)

71. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## FOURTEENTH CLAIM FOR RELIEF

### (Cal. UCL – unfair prong: breach of trust/fiduciary duty)

72. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## FIFTEENTH CLAIM FOR RELIEF

### (Cal. UCL – unfair prong: retaining benefit without justification)

73. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## SIXTEENTH CLAIM FOR RELIEF

### (Cal. UCL – fraud prong: intentional or negligent misrepresentation)

74. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## SEVENTEENTH CLAIM FOR RELIEF

### (Cal. CLRA – 1770(5))

75.  Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## EIGHTEENTH CLAIM FOR RELIEF

### (Cal. CLRA – 1770(8))

76.  Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## NINETEENTH CLAIM FOR RELIEF

### (Cal. CLRA – 1770(13))

77.  Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWENTIETH CLAIM FOR RELIEF

### (Cal. CLRA – 1770(14))

78.  Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWENTY-FIRST CLAIM FOR RELIEF

### (Cal. CLRA – 1770(15))

79.  Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWENTY-SECOND CLAIM FOR RELIEF

### (Cal. FAL – Business and Professions Code section 17500)

80.  Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWENTY-THIRD CLAIM FOR RELIEF

**(Cal. common count – money had and received, requiring refund)**

81.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**TWENTY-FOURTH CLAIM FOR RELIEF**

**(Cal. common count – unjust enrichment/restitution)**

82.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**TWENTY-FIFTH CLAIM FOR RELIEF**

**(Cal. common law breach of express contract)**

83.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**TWENTY-SIXTH CLAIM FOR RELIEF**

**(Cal. common law breach of implied in fact contract)**

84.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**TWENTY-SEVENTH CLAIM FOR RELIEF**

**(Cal. common law fraud -- intentional)**

85.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

**TWENTY-FIFTH CLAIM FOR RELIEF**

**(Cal. common law fraud -- negligent)**

86.     Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWENTY-SIXTH CLAIM FOR RELIEF

### (Cal. common law negligence)

87. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWENTY-SEVENTH CLAIM FOR RELIEF

### (Cal. common law trespass)

88. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## TWENTY-EIGHTH CLAIM FOR RELIEF

### (Cal. common law conversion)

89. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-58 of this Complaint as if fully set forth herein.

## DEMAND FOR RELIEF

90. WHEREFORE, Plaintiff prays for judgment against Legally Mine and all Defendants that:

   a. Defendants be preliminarily and permanently enjoined from committing the acts alleged herein as well as be declared in violation of each of these laws;

   b. Defendants be ordered to pay Plaintiff's actual, consequential, incidental and special damages.

   c. Defendants be ordered to pay nominal damages;

   d. Defendants be ordered to provide restitution to Plaintiff;

   e. Defendants be ordered to pay Plaintiff's attorneys' fees and costs to the extent available under the statutes sued hereunder;

f.   Defendants be ordered to pay civil penalties;

g.   Plaintiff be awarded punitive damages; and

h.   Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully requests a jury trial on all issues triable thereby.


Dated this 14th of November, 2018.


/s/ David M. Rosenberg-Wohl
David M. Rosenberg-Wohl
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION